UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

MIGUEL A. CORRALIZA SANCHEZ,

                        Plaintiff,              **COMPLAINT AND**
                                                **JURY TRIAL DEMAND**

v.

                                                Civ. No.: 1:14-458

CITY OF DUNKIRK,
KENNETH KAUS, individually and in official capacity,
"JOHN DOE" #1-10, individually and in official capacity,

                        Defendants.
───────────────────────────────────────────

       Plaintiff, MIGUEL A. CORRALIZA SANCHEZ, by and through his attorneys at

LoTempio & Brown, P.C., as and for a Complaint against Defendants, CITY OF DUNKIRK,

KENNETH KAUS, individually and in his official capacity and "JOHN DOE" #'s 1-10,

individually and in their official capacity, hereby states, upon information and belief, and at all

times hereinafter, that:

       1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees and costs pursuant to 42 U.S.C. §§1983 and 1988, as a result of the violation of

his civil rights under the Constitution of the United States of America.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C.§1983 and the Fourth and Fourteenth

Amendments to the Constitution of the United States of America.

       3.      This Court has jurisdiction over the matter based upon 28 U.S.C. §§1331 and

1343.

**VENUE**

4.      Venue is properly brought before the Western District of New York because the acts complained of herein occurred within this District.

**PARTIES**

5.      Plaintiff, Miguel A. Corraliza Sanchez, was, and is, a resident of the County of Erie and State of New York.

6.      Defendant, City of Dunkirk, was, and is, a municipal corporation duly organized and existing pursuant to the laws of the State of New York and operates within the County of Chautauqua and State of New York.

7.      Defendant, Kenneth Kaus, was, and is, an employee of the City of Dunkirk and works and resides in the County of Chautauqua and State of New York.

8.      Defendants, "John Doe" #'s 1-10, were, and are, employees of the City of Dunkirk and work and reside in the County of Chautauqua and State of New York.

9.      On or about April 15, 2013, Plaintiff served defendant, City of Dunkirk, with a Notice of Claim in accordance with General Municipal Law §50, and that same was done within ninety days of the claims upon which this action is brought.

10.     More than thirty (30) days have elapsed since service of the Notice of Claim and defendant, City of Dunkirk has neglected and refused to make payment.

**FACTS**

11.     On or about March 15, 2013, Plaintiff was lawfully at his home located at 208 Beaver Street, Apt. 1, in Dunkirk, New York.

12.     At the aforesaid time and place, Defendants came to Plaintiff's home, unannounced, and without lawful basis or reason, to inquire about a vehicle in his driveway.

13.     Plaintiff identified himself to Defendants and cooperated in answering their questions.

14.     Defendants asked Plaintiff if he had ever been in California, and Plaintiff truthfully advised he had never been in California.

15.     Defendants arrested Plaintiff based upon a negligent investigation and failure to conduct due diligence to identify whether or not Plaintiff was the individual named in an alleged warrant.

16.     Defendant, City of Dunkirk, had an official policy or custom which deprived Plaintiff of his civil rights as provided under the Constitution of the United States of America.

17.     Plaintiff was arrested, unlawfully confined and detained, without probable cause, or a reasonable, good faith belief that Plaintiff was the individual named in the alleged warrant from the State of California.

18.     Plaintiff remained unlawfully confined and detained by, and a result of conduct of, Defendants from March 15, 2013 until on or about March 21, 2013 despite not being the person named in the alleged warrant and not having committed any crime.

19.     After a proper investigation and due diligence was performed, it was determined Plaintiff proved was not the person named in the alleged warrant, and he was released from custody on or about March 21, 2013, with an apology by United States Magistrate Judge Jeremiah J. McCarthy.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS
## (DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §1983)

20.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "19" of

the Complaint as if set forth herein.

21.     All of the aforementioned acts of Defendants, their agents, servants and

employees were carried out under the color of state law.

22.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and

immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America and in violation of 42 U.S.C.

§1983.

23.     All of the aforementioned acts complained of were carried out by defendant, City

of Dunkirk, by and through its employees in their official and individual capacities, including,

but not limited to, defendant, Kenneth Kraus.

24.     The acts complained of were carried out by Defendants in their capacities as

police officers, pursuant to the customs, usages, practices, procedures and rules of the City of

Dunkirk.

25.     Defendants, collectively, and individually, while acting under the color of state

law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the

City of Dunkirk which are forbidden and unlawful under the Constitution of the United States.

26.     As a result of Defendants' willful violations of Plaintiff's civil rights, and

pursuant to 42 U.S.C. §1983, the Defendants should be ordered to pay compensatory and

punitive damages, together with attorney's fees and costs of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## (FALSE ARREST UNDER 42 U.S.C. §1983)

27.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "26" of the Complaint as if set forth herein.

28.     As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to an illegal and improper false arrest, was taken into custody, and was imprisoned, detained, and confined without probable cause, privilege or consent.

29.     Defendants, through conducting a proper investigation and due diligence, would, and should, have known that Plaintiff was not the individual named in the alleged warrant.

30.     As a result of the conduct of Defendants, Plaintiff's liberty and civil rights were restricted for extended periods of time, he was put in fear for his safety, he was humiliated and subjected to handcuffing and other physical restraints, and he was prevented from enjoying his freedom, without probable cause or a reasonable, good faith belief he was the person named in the alleged warrant.

31.     As a result of Defendants' willful violations of Plaintiff's civil rights,  and pursuant to 42 U.S.C. §1983, the Defendants should be ordered to pay compensatory and punitive damages, together with attorney's fees and costs of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## (Municipal Liability under 42 U.S.C. §1983)

32.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "31" as if set forth herein.

5

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the City of Dunkirk which are forbidden and unlawful under the Constitution of the United States of America.

34.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of Dunkirk include, but are not limited to, the following practices: arresting individuals on warrants without conducting proper investigation or due diligence into the identity of the individual; failing to obtain credible evidence to identify an individual named in an outstanding warrant before making an arrest; invading the privacy of the citizens of the City of Dunkirk by investigating individuals for whom there is no reasonable suspicion or probable cause that they committed any crime; and failing to obtain all information on a warrant before arresting an individual who is believed to be the person named.

35.     The foregoing customs, policies, usages, practices, procedures and rules of the City of Dunkirk constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

36.     The foregoing customs, policies, usages, practices, procedures and rules of the City of Dunkirk were the direct and proximate cause of the constitutional violations suffered by Plaintiff.

37.     Defendants, collectively and individually, while acting under the color of state law, were actively involved in violating Plaintiff's constitutional rights, including, but not limited to, the right to not be deprived of liberty without due process of law, to be free from seizure and arrest not based upon probable cause, to be free from unlawful search, and to receive equal protection under the law.

38.     As a result of Defendants' willful violations of Plaintiff's civil rights,  and

pursuant to 42 U.S.C. §1983, the Defendants should be ordered to pay compensatory and

punitive damages, together with attorney's fees and costs of this action.

**DEMAND FOR JURY**

39.     Plaintiff hereby demands a trial by jury of all issues triable before a jury in

accordance with Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff, MIGUEL A. CORRALIZA SANCHEZ, respectfully requests

that the Court grant a Judgment against Defendants, CITY OF DUNKIRK, KENNETH KAUS,

individually and in his official capacity, and "JOHN DOE" #'s 1-10, individually and in their

official capacity, for all damages properly recoverable under the law, including, but not limited

to, compensatory damages, punitive damages, and attorney's fees and costs under 42 U.S.C.

§§1983 and 1988, and such other and further relief which to this Court may seem just and

proper.

Dated: June 13, 2014
        Buffalo, New York

Yours etc.

Rafael O. Gomez, Esq.
**LO TEMPIO & BROWN, P.C.**
*Attorneys for Plaintiff*
One Franklin Court
181 Franklin Street
Buffalo, New York   14202
(716) 855-3761
rgomez@lotempioandbrown.com